**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:25-mj-204 |
| | ) |
| HENRRY JOSUE VILLATORO SANTOS | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## ORDER

This matter is before the Court on the Government's Motion to Dismiss (Dkt. No. 14) and

Defendant's Motion to Delay Entry of Dismissal Order (Dkt. No. 15). Both motions were filed on

April 9, 2025.

Defendant Henrry Josue Villatoro Santos is charged with one count of possession of a

firearm by an immigrant who is not lawfully or legally in the United States in violation of 18

U.S.C. § 922(g)(5)(A). (Dkt. No. 1.) The Government arrested Mr. Villatoro Santos on March

27, 2025 and obtained a Criminal Complaint against him. On the same day, the Court conducted

Mr. Villatoro Santos's initial appearance and set a preliminary and detention hearing for April 1,

2025. At the conclusion of the hearing on April 1, 2025, the Court found probable cause for the

charged offense and ordered that Mr. Villatoro Santos be detained pending trial.[1]

The Government now moves under Federal Rule of Criminal Procedure 48(a) to dismiss

the Criminal Complaint (and thus the case) against Mr. Villatoro Santos. (Dkt. No. 14.) In

pertinent part, Rule 48(a) provides that, with leave of court, the government may dismiss an

indictment, information, or complaint. Fed. R. Crim. P. 48(a). The Government requests a

---

[1] A more detailed history of this matter is set forth in Defendant's Motion to Delay Entry of
Dismissal Order. (Dkt. No. 15.)

dismissal without prejudice and as explanation for its dismissal requests offers, in a footnote, that "the government no longer wishes to pursue the instant prosecution at this time." (Dkt. No. 14 at n.1.)

After the Government filed its Motion to Dismiss, Defendant filed his motion asking the Court to delay entry of the dismissal order for 14 days. (Dkt. No. 15.) In support of his request for a 14-day delay, Mr. Villatoro Santos states that his current counsel was appointed on April 9, 2025 after his previous court-appointed counsel moved to withdraw due to a conflict of interest and that the Government's Motion to Dismiss was filed less than two hours after Mr. Villatoro Santos's new counsel was appointed. (*Id*. at 1-2.) He further avers that the Government seeks to dismiss the pending case against him in order to pursue removal proceedings and he fears that, upon dismissal of this matter and his release from federal custody, he will be "immediately" deported by Immigration and Customs Enforcement without due process. (*Id*. at 3-5.) Defendant's motion acknowledges that the Government may dismiss a Criminal Complaint with leave of Court but argues that the Court has discretion to determine the timing of the entry of any dismissal order. (*Id*. at 5.)

Upon consideration of the pending motions, the Court finds that a hearing would be useful. It is therefore

**ORDERED** that the Court will hold a hearing on the motions on April 15, 2025 at 10:00 am. The hearing will be before Judge Fitzpatrick in Courtroom 500. If the Government wishes to file a response to Defendant's motion, it must do so by 5:00 pm on April 11, 2025. Defendant's reply, if any, is due by April 14, 2025 at 5:00 pm. The United States Marshal is directed to produce the defendant for the hearing on April 15, 2025.

**ENTERED** this 10th day of April, 2025.

_____ /s/ LRV

Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia