IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRRY JOSUE VILLATORO SANTOS,<br><br>*Defendant.* | Case No. 1:25-mj-204 |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DELAY ENTRY OF DISMISSAL ORDER**

On April 9, 2025, the United States moved to dismiss the criminal complaint pending against Henrry Villatoro Santos ("Villatoro") in the above-captioned case. ECF 14. Notably, Villatoro does not oppose such relief; rather, he seeks to defer its provision by two weeks to forestall being taken into the custody of U.S. Immigration and Customs Enforcement. ECF 15. But Villatoro marshals no meaningful authority in support of his concededly "unusual" request. *Id.* at 5. That is unsurprising, for no legal basis backs his bid for delay. Accordingly, at the hearing presently scheduled for April 15, the Court should deny Villatoro's motion and dismiss the pending complaint, without prejudice and without further delay.

**LEGAL STANDARD AND ARGUMENT**

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380, n. 11 (1982)). As the Supreme Court has explained,

> [t]his broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.

*Wayte*, 470 U.S. at 607; *see also United States v. Smith*, 55 F.3d 157, 158 (4th Cir. 1995) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall me made, or whether to dismiss a proceeding once brought." (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967))).

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." As Rule 48(a) itself explicitly states, "it is only when a trial has begun and jeopardy has attached that a dismissal may not be filed without a defendant's consent." *United States v. Chase*, 372 F.2d 453, 464 (4th Cir. 1967). The leave-of-court requirement confers only highly limited discretion to deny a government motion under Rule 48(a). *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). Indeed, "the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id*; *see also Smith*, 55 F.3d at 159 ("A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."). Examples of scenarios in which disservice to the public interest would justify the denial of a Rule 48(a) motion include "the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled," *id.*, none of which is applicable—or alleged—here.

The motion to dismiss should be granted promptly, and Villatoro has provided no authority to the contrary. The United States, in its discretion, has decided to forego criminal prosecution in this case.[1] Citing *Goodson*, Villatoro claims that "the Court has discretion to

[1] It is well within the prerogative of the United States to seek the removal of aliens who are illegally or unlawfully in this country in lieu of prosecuting them, regardless of whether charges

determine whether to grant [the leave of Court required by Rule 48(a)] and the timing of the entry of any dismissal order." ECF 15 at 5. But *Goodson* does not stand for either of those propositions. First, as noted above, *Goodson* underscores that the discretion conferred by Rule 48(a) "is not broad" and that courts have no choice but to grant motions to dismiss that are not made in bad faith. 204 F.3d at 512. Second, while *Goodson* recognizes a court's "supervisory power to administer its docket," it does so in the context of acknowledging that such power is rarely a basis for dismissing a case with prejudice. *Goodson*, 204 F.3d at 514. At no point did the Fourth Circuit hold that judges may put off ruling on routine, unopposed motions so that criminal defendants can pursue administrative or civil remedies.[2]

**CONCLUSION**

For the foregoing reasons, the Court should deny Villatoro's motion to delay entry of a dismissal order, and the Court should swiftly dismiss the criminal complaint pending against him.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: ______________/s/__________________
John C. Blanchard
Assistant United States Attorney

---

have been filed. *Cf. United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1170 (D. Or. 2012) ("If the Executive Branch . . . decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that.").

[2] While defendants are not entitled to tread water on the criminal docket while they explore potential avenues to thwart removal proceedings in immigration court, it is worth noting that Villatoro has already obtained nearly half the 14-day pause he seeks insofar as the motion to dismiss will remain unresolved pending the hearing scheduled for April 15.

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By: ______*/s/*______

John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax: (703) 299-3980
John.Blanchard@usdoj.gov