IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CASE NO.   1:25-MJ-204 |
| : | |
| HENRRY JOSUE VILLATORO SANTOS : | |
| : | |
| Defendant. : | |

**EMERGENCY MOTION TO EXTEND THE STAY OF THE
ORDER OF THE MAGISTRATE COURT PENDING APPEAL**

The Defendant, Henrry Josue Villatoro Santos, by counsel, moves the Court to extend the stay of the Order of the Magistrate Court entered on April 15, 2025, which granted the Government's Motion to Dismiss the case without prejudice while staying that order until April 18, 2025 at 10:00 am. Dkt. # 20.  Mr. Villatoro Santos requests that this stay be extended until his appeal of the Magistrate Court's Order is finalized, and that he not be moved to the custody of Immigration and Customs Enforcement pending resolution of his appeal. Irreparable harm will result if the stay is not extended. In support of this motion, the Defendant states the following:

1.  On March 27, 2025, Mr. Villatoro Santos was charged via criminal complaint with possession of a firearm by an undocumented immigrant, in violation of 18 U.S.C. § 922(g)(5)(A). Dkt. # 1-5.

2.  Mr. Villatoro Santos had his initial appearance before this Court the same day, and a Temporary Detention Order was entered. Dkt # 6.  On April 1, 2025, a preliminary hearing was held, and the Court found probable cause on the firearm charge. Dkt # 10.

3.  Beginning on March 27, multiple top government officials have publicly accused Mr. Villatoro Santos of being "one of the top leaders of MS-13" and "one of the leaders for the

1

East Coast, one of the top three in the entire country," claims made by Attorney General Pamela Bondi in a high-profile press conference on March 27, 2025.[1] They called him a "terrorist" and "horrible, violent, worst of the worst criminals."[2] A fuller description of the publicity surrounding this case and the multiple statements of Government officials about Mr. Villatoro Santos is provided in his prior pleadings. *See* Dkt. # 15, 18.

4. On April 9, 2025, without any explanation, the Government filed a Motion to Dismiss the case without prejudice, writing simply that "the government no longer wishes to pursue the instant prosecution at this time." Dkt. # 14. The Government indicated it intended to deport Mr. Villatoro Santos instead, but without clarifying whether that means placing him in removal proceedings, as required by law, or summarily deporting him, as multiple officials have publicly threatened and as the government has done in other recent cases.

5. On that same day, Mr. Villatoro Santos filed a Motion to Delay Entry of a Dismissal Order, requesting a 14-day delay in order to obtain immigration counsel and arguing that there is a substantial risk that entry of a dismissal order at this time would facilitate his unlawful removal from the United States to El Salvador without due process, in violation of his Fifth Amendment rights, based on multiple public statements of government officials as well as the actions of the government in other similar cases. Dkt. # 15.

6. The Government filed an opposition to the motion, requesting a "swift" dismissal of the case and indicating it had decided to forgo criminal prosecution in favor of removal. Dkt. # 17. The Government did not address the concerns raised about the risk of summary deportation

---

[1] *See* https://cnycentral.com/news/nation-world/authorities-to-hold-news-conference-after-capture-of-top-ms-13-leader-in-woodbridge-virginia-24-year-old-from-el-salvador
[2] *See* https://www.wfft.com/news/justice-department-dropping-charges-against-man-they-accused-of-being-ms-13-s-leader-for/article_b8217760-86c4-5975-9362-eac1205fc814.html

without due process, nor did it indicate that it intends to follow the law in the removal of Mr. Villatoro Santos.

7.   Mr. Villatoro Santos filed a reply brief in which he argued that the Court must require the Government to disclose the factual basis for its motion to dismiss in order to determine if the motion is made in good faith and if it is in the public interest, as required by Rule 48(a) of the Federal Rules of Criminal Procedure, including disclosing whether the Government intends to summarily deport Mr. Villatoro Santos without due process, which would be against the public interest and an act of bad faith.  Dkt. # 18.

8.   On April 15, 2025, the Magistrate Court heard oral arguments and granted the Government's motion to dismiss without prejudice, while staying entry of that Order until 10 am on Friday, April 18, 2025.  Dkt. # 19-20.

9.   Upon expiration of that stay, the U.S. Marshal Service will transfer custody of Mr. Villatoro Santos to Immigration and Customs Enforcement ("ICE").  To date, the Department of Homeland Security has not issued a Notice to Appear to Mr. Villatoro Santos, which is the first step in legal removal proceedings (that is, if the Government intends to follow the law). *See* 8 U.S.C. § 1229.

10.   On April 14, 2025, the undersigned emailed multiple officials at the local ICE office, asking the following: "Has ICE issued my client a Notice to Appear, or does ICE plan to do so?"  In response, on April 16, 2025, shortly before the time of this filing, an ICE Supervisory Detention and Deportation Officer wrote back: "Your client is not in ICE custody at this time. If and when he comes into our custody we will be in a better position to provide information about his processing disposition." In other words, the Government continues to provide no substantive information regarding its intent in the removal of Mr. Villatoro Santos.

11. "It is well established that the Fifth Amendment entitles aliens to due process of law" in the context of removal proceedings. *Reno v. Flores*, 507 U. S. 292, 306 (1993).[3] The Supreme Court has reaffirmed this principle in its recent opinions, making it clear that even those alleged to be "enemy aliens" under the Alien Enemies Act of 1798 have due process rights and may not be summarily deported. *Trump v. J.G.G.*, 604 U.S. _ (2025) ("AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.").

12. The Government has disregarded this well-established principle and defied court orders in the process in multiple cases in recent dates, effectively carrying out forcible disappearances to one of the worst prisons in the world, Centro de Confinamiento de Terrorismo (CECOT).[4] And it has continued to defy both the U.S. District Court for the District of Maryland and the Supreme Court in the case of Kilmer Abrego Garcia, the Maryland man that the administration admits it wrongly deported to El Salvador and who languishes today in CECOT

---

[3] The Supreme Court reaffirmed this principle in its opinion in the *J.G.G.* case, holding that individuals alleged to be members of Tren de Aragua have a right to notice and to be heard before their removal. *Trump v. J.G.G.*, 604 U.S. _ (2025) ("AEA detainees must receive notice after the date of this order that they are subject to removal under the Act. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs.").

[4] Shuham, *Judges, Attorneys Face Trump's Salvadoran Black Hole*, available at https://www.huffpost.com/entry/cecot-el-salvador-lawyers-judges-ice-custody_n_67f980e4e4b05c9df5d3a9ad?utm_campaign=share_email&ncid=other_email_o63gt2jcad4 ("The fact pattern of the detainees sent to El Salvador 'fits every definition of an enforced disappearance under international law,' said Denise L. Gilman, who co-directs the immigration clinic at the University of Texas School of Law.").

with little hope he will ever return to the United States. *Abrego Garcia v. Kristi Noem*, 604 U.S. __ (2025)

13. There is a grave danger that if the stay of the dismissal order in this case is not extended pending the appeal of the Magistrate Court's Order, the Government will immediately and summarily deport Mr. Villatoro Santos to El Salvador in violation of the law, in violation of the Constitution, and in violation of the Supreme Court's most recent decisions reaffirming the right of immigrants to notice and an opportunity to be heard prior to removal. In that event, this Court will immediately lose jurisdiction, and Mr. Villatoro Santos will have no legal recourse to contest his unlawful and unconstitutional deportation. His appeal would immediately become moot.

14. Through its very public pronouncements and attacks on Mr. Villatoro Santos, including bellicose statements by the Attorney General, the FBI Director, the Virginia Governor, and President Trump himself, the Government has effectively placed a target on Mr. Villatoro's back: if he were to be deported to El Salvador, there is no doubt he will immediately be detained at CECOT without trial, and there will be no way out from there. And to be clear, this life-altering fate would result from the unproven allegations of a government that chose to forego criminal prosecution, where there is due process and a burden of proof to meet, in favor of deportation to a country in which there is little to no respect for the rule of law. Mr. Villatoro Santos faces the risk of an effective life sentence without trial, or worse.

15. This risk is not an imaginary or speculative one: multiple statements by high level government officials about Mr. Villatoro Santos strongly indicate the Government may intend to immediately deport him upon dismissal of his case, without notice and a hearing in immigration court. The same evening that Mr. Villatoro Santos filed his Motion to Delay Entry of the Dismissal

5

Order, Attorney General Pamela Bondi said in a statement: "As a terrorist, he will now face the removal process."[5] The next morning, Virginia Governor Glenn Youngkin, who was directly involved in coordinating the arrest of Mr. Villatoro Santos, said the following to Fox News about Mr. Villatoro Santos's case: "The charges from the Department of Justice under [Attorney General Pam Bondi] were dropped *so that the person can be deported immediately* and get out of this country and *go back to prison in El Salvador*." (emphasis added).[6]

16. Since then and until now, the Government has flatly refused to disclose whether it intends to violate the law in connection with the removal of Mr. Villatoro Santos as it did in the case of Kilmer Abrego Garcia, and others, who were summarily removed with any notice and without any due process of law. *Kristi Noem v. Kilmar Armando Abrego Garcia*, 604 U.S. __ (2025) ("The United States acknowledges that Abrego Garcia was subject to a withholding order forbidding his removal to El Salvador, and that the removal to El Salvador was therefore illegal. The United States represents that the removal to El Salvador was the result of an 'administrative error.'").

17. The harm Mr. Villatoro Santos would face if summarily removed once he is placed in ICE custody the morning of April 18, 2025 is irreparable. This Court will have no ability to force the Government to retrieve him from El Salvador, as we have seen in the case of Mr. Abrego Garcia.

18. Mr. Villatoro Santos has legitimate legal defenses to removability, including protection under the Convention Against Torture. But he can only assert those defenses if the

---

[5] *See* https://www.politico.com/news/2025/04/09/drop-criminal-case-man-called-gang-leader-00283355to drop criminal case against man they previously called a major gang leader - POLITICO

[6] *See* https://www.wvtf.org/news/2025-04-10/youngkin-backs-removal-of-alleged-ms-13-gang-leader-without-trial

Government follows the law and provides him with a Notice to Appear and a hearing in immigration court. There is a substantial risk that this administration will not do so in this case.

19. Finally, extending the stay of the dismissal order pending resolution of Mr. Villatoro Santos's appeal of the magistrate's decision will not prejudice the Government in any way. He remains in custody and remains subject to an ICE detainer.

Accordingly, Mr. Villatoro Santos, by counsel, moves the Court to enter an order staying the dismissal of his case and prohibiting his transfer to ICE custody pending the final resolution of his appeal to the District Court of the Order of the magistrate court (Dkt. # 20).

Respectfully Submitted,
Henrry Villatoro Santos
By Counsel

ELSAYED LAW PLLC

BY: ____/s/_____
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 884-2636
(703) 884-2637 (fax)
me@elsayedlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

____/s/_____
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 884-2636

(703) 884-2637 (fax)
me@elsayedlaw.com

8